**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CANGREJEROS DE SANTURCE BASEBALL CLUB, LLC, SANTURCE MERCHANDISING LLC, and THOMAS J. AXON,<br><br>_Plaintiffs_,<br><br>v.<br><br>LIGA DE BÉISBOL PROFESIONAL DE PUERTO RICO, INC., CRIOLLOS MANAGEMENT, INC., RA12, INC., INDIOS DE MAYAGÜEZ BASEBALL CLUB INC., GIGANTES DE CAROLINA BASEBALL CLUB INC., LEONES DE PONCE CF INC., IMPULSE SPORTS ENTERTAINMENT CORPORATION, JUAN A. FLORES GALARZA, IN HIS CAPACITY AS PRESIDENT OF THE LIGA DE BÉISBOL PROFESIONAL DE PUERTO RICO, INC., IN HIS PERSONAL CAPACITY, AND AS A MEMBER OF THE CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN HIM AND HIS SPOUSE, AND THE CONJUGAL PARTNERSHIP SO CONSTITUTED,<br><br>_Defendants_. | Civil Action No. 3:22-cv-01341-WGY |

**PLAINTIFFS' OPPOSITION TO MAYOR MIGUEL A. ROMERO LUGO'S MOTION REQUESTING LEAVE TO REPLY AND AN EXTENSION OF TIME TO DO SO**

Plaintiffs Cangrejeros de Santurce Baseball Club, LLC, Santurce Merchandising LLC, and Thomas J. Axon's (together, "Plaintiffs") oppose Mayor Miguel A. Romero Lugo's ("Mayor Romero") Motion Requesting Leave to Reply and an Extension of Time to Do So (the "Request").

1.      Mayor Romero filed a motion for a protective order in response to Plaintiffs' targeted Rule 45 subpoena for documents on December 11, 2025.  ECF No. 97-1.

2.      Plaintiffs timely filed their opposition to Mayor Romero's motion for a protective order on December 29, 2025.  ECF No. 98.

3.      On January 5, 2026, Mayor Romero filed the Request, seeking leave to file a reply in support of the motion for a protective order and an extension until January 19, 2026 to do so.  ECF No. 99.

4.      Pursuant to Rule 7(c) of the Local Rules of the United States District Court for the District of Puerto Rico (the "Local Rules"), the "moving party may file a reply" only "[w]ith prior leave of court and within seven (7) days of the service of any objection to a motion."  As such, any reply would have been due by January 5, and only with prior leave of the Court.  Instead, Mayor Romero filed the Request on January 5, having failed to obtain any prior leave ahead of the 7-day deadline.

5.      Rule 6 of the Local Rules provides that a party may only request an "extension of time" by "specifically set[ting] forth the reason for the extension sought, the expiration date of the period sought to be extended, and the expiration date of the proposed extension."  The Federal Rules of Civil Procedure provide that a court may grant an extension of time "on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b).  Courts in this District have found that this excusable neglect

1

standard "requires more" than the good cause standard.[1]  On January 5, Mayor Romero belatedly filed a Request seeking an extension until January 19, 2026, to file a reply in support of his motion, offering only the explanation that counsel "is presently outside of Puerto Rico on a vacation with his family and will not return to Puerto Rico until late January 11th."  ECF No. 99.  Such an excuse is insufficient for the belated filing of the Request and the additional time requested for a reply.[2]

6.    Moreover, Mayor Romero should not be granted leave to file a belated reply, with an extension based solely on counsel's vacation, for a motion that's schedule was determined by Mayor Romero's own premature and unilateral filing of a motion for a protective order.  As Plaintiffs explained in their opposition (ECF No. 98), a meet and confer and corresponding certification is necessary for a motion seeking a protective order pursuant to Rule 26.  Fed. R. Civ. P. 26(c).  However, rather than engage in a meet and confer with Plaintiffs, Mayor Romero rushed to this Court to file the motion for a protective order, making the motion procedurally deficient.[3]  No reply brief can remedy the gating issue of the missing meet and confer certification or provide "proper context" for resolution of the motion that is deficient on its face.  ECF No. 99.

---

[1] *Simmon-Román v. ABC Ins. Co.*, 2020 WL 6115122, at *1 (D.P.R. Oct. 15, 2020) (quoting *Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc.*, 730 F.3d 23, 26 (1st Cir. 2013)).

[2] *See Maxon Eng'g Servs., Inc. v. Mun. of Aibonito*, 397 B.R. 623, 627 (D.P.R. 2008) ("Appellant's requests for extensions of time to file the appellant brief were tardy and unjustified. The Court shall only extend a deadline after a showing of good cause as to why the deadline cannot be reasonably met despite the diligence of the party seeking the extension…[m]oreover, the Court has consistently held that a heavy workload or personal problems do not excuse a party's failure to comply with the Court's orders.") (citing *O'Connell v. Hyatt*, 357 F.3d 152, 154 (1st Cir. 2004)).

[3] *See, e.g.*, *Aponte-Navedo v. Nalco Chem. Co.*, 268 F.R.D. 31, 41 (D.P.R. 2010) (denying defendants' motion for protective order where motion did not "contain a certification that they made a good faith effort to resolve the discovery dispute before seeking the court's intervention").

2

7.      Accordingly, Plaintiffs respectfully request that this Court deny Mayor Romero's Request as an unjustified attempt to delay and frustrate proceedings and the Rule 45 subpoena.[4]

---

[4] To the extent the Request seeks to incorporate any objections from the "Appearing Defendants," such objections would be inappropriate.   With no privilege or propriety interests between Defendants and the documents sought by the non-party subpoena to Mayor Romero, Defendants lack standing to challenge such a subpoena issued to a non-party.  *See Sterling Merch., Inc. v. Nestle, S.A.*, 470 F. Supp. 2d 77, 81 (D.P.R. 2006) ("Ordinarily, a person other than that against whom the subpoena was issued, lacks standing to move to quash the subpoena."); *Almeida-Leon v. WM Cap. Mgmt. Inc.*, 2019 WL 13198699, at *2 (D.P.R. Feb. 1, 2019), *aff'd*, 2019 WL 2482105 (D.P.R. June 12, 2019) (holding "because the information is neither privileged nor irrelevant, Movants lack standing to object to the subpoena on the Board's behalf.").

Dated: January 8, 2026

Respectfully Submitted,

/s/ *Jeffrey L. Kessler*
Jeffrey L. Kessler (*pro hac vice*)
Jeffrey J. Amato (*pro hac vice*)
Lauren E. Duxstad (*pro hac vice*)
Gabriela B. Wolk (*pro hac vice* pending)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
JKessler@winston.com
JAmato@winston.com
LDuxstad@winston.com
GWolk@winston.com

/s/ *Carlos A. Rodriguez-Vidal*
Carlos A. Rodriguez-Vidal
USDC-PR No. 201213
**GOLDMAN ANTONETTI &
CORDOVA, LLC**
P.O. Box 70364
San Juan, Puerto Rico 00936
Tel: (787) 759-4117
Fax: (787) 767-9333
Crodriguez-vidal@gaclaw.com

*Counsel for Plaintiffs Cangrejeros de
Santurce Baseball Club, LLC, Santurce
Merchandising LLC, and Thomas J. Axon*

4

**Certificate of Service**

I hereby certify that on January 8, 2026, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants in this case.

By: *Carlos A. Rodriguez-Vidal*

5