UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

———————————————————————  )
CANGREJEROS DE SANTURCE BASEBALL   )
CLUB, LLC, SANTURCE MERCHANDISING  )
LLC, and THOMAS J. AXON,           )        CIVIL ACTION
                                   )        No. 3:22-cv-01341-WGY
                                   )
                                   )
                Plaintiffs,        )
                                   )
         v.                        )
                                   )
LIGA DE BÉISBOL PROFESIONAL DE     )
PUERTO RICO, INC., CRIOLLOS        )
MANAGEMENT, INC., RA12, INC.,      )
INDIOS DE MAYAGÜEZ BASEBALL CLUB   )
INC., GIGANTES DE CAROLINA         )
BASEBALL CLUB INC., LEONES DE      )
PONCE CF INC., IMPULSE SPORTS      )
ENTERTAINMENT CORPORATION, JUAN A. )
FLORES GALARZA, IN HIS CAPACITY    )
AS PRESIDENT OF THE LIGA DE        )
BÉISBOL PROFESIONAL DE PUERTO RICO,)
INC., IN HIS PERSONAL              )
CAPACITY, AND AS A MEMBER OF THE   )
CONJUGAL PARTNERSHIP               )
CONSTITUTED BETWEEN HIM AND HIS    )
SPOUSE, AND THE CONJUGAL           )
PARTNERSHIP SO CONSTITUTED,        )
                                   )
                Defendants.        )
———————————————————————  )

YOUNG, D.J.[1]                            March 12, 2026
                   **MEMORANDUM AND ORDER**

## I.   INTRODUCTION

For the reasons stated below, and after a hearing on the
matter, the Court **DENIES** the Renewed Motion to Dismiss, ECF No.
90, as barred by the mandate rule.

---

[1] Of the District of Massachusetts sitting by designation.

## II.  BACKGROUND

On June 27, 2023, this Court issued its Memorandum and Order on the moving Defendants'[2] motions to dismiss the Plaintiffs'[3] action for failure to state a claim, Defs.' Mot. Dismiss Under Fed. R. 12(b)(6) ("Defendants' Rule 12(b)(6) Motion"), ECF No. 28, and lack of subject matter jurisdiction, Mot. Dismiss Under Fed. R. 12(b)(1)(3) & (6) ("Defs.' Mot. Dismiss Subject Matter Jurisdiction"), ECF No. 43.  See Cangrejeros de Santurce Baseball Club, LLC v. Liga de Beisbol Profesional de Puerto Rico, Inc., 680 F. Supp. 3d 107 (D.P.R. 2023) ("the Order"), aff'd in part, vacated in part, rev'd in part Cangrejeros De Santurce Baseball Club, LLC v. Liga De Beisbol Profesional De Puerto Rico, Inc., 146 F.4th 1 (1st Cir. 2025) ("the Appeal Decision"), cert. denied, 2026 WL 568339 (Mar. 2, 2026).

As an initial matter, this Court ruled on the Defendants' Rule 12(b)(6) Motion **in full**.  In the Order, as pertinent here, this Court expressly **acknowledged** two arguments brought by the

---

[2]  The moving Defendants included Liga de Béisbol Profesional de Puerto Rico, Inc. ("the League"), Criollos Management, Inc., RA12, Inc., Indios de Mayagüez Baseball Club Inc., Gigantes de Carolina Baseball Club Inc., Leones de Ponce CF Inc., Impulse Sports Entertainment Corporation, Juan A. Flores Galarza ("Galarza"), in his capacity as president of the Liga de Béisbol Profesional de Puerto Rico, Inc., in his personal capacity, and as a member of the conjugal partnership constituted between him and his spouse, and the conjugal partnership so constituted.
[3]  The Plaintiffs are Cangrejeros de Santurce Baseball Club, LLC, Santurce Merchandising, LLC, and Thomas J. Axon.

Defendants in their Rule 12(b)(6) motion: (1) a contractual forum selection clause; and (2) the doctrine of res judicata, allowing the motion as to the latter and not expressly addressing, but impliedly denying, the former.  <u>See</u> Order, 680 F. Supp. 3d at 121 (D.P.R. 2023) ("This Court GRANTS the Defendants' motion to dismiss for failure to state a claim, ECF No. 28, regarding the Civil Rights Act Claim through the doctrine of res judicata.")

The Defendants did **not** directly raise the issue on appeal. On July 21, 2025, the First Circuit issued its decision.  <u>See</u> Appeal Decision.  The First Circuit reviewed the motions <u>de novo</u>.  Appeal Decision, 146 F.4th at 11.  In reversing this Court, the First Circuit, among other things, noted the Defendants' unsuccessful alternative arguments to affirm the dismissal of the Section 1983 claim.  <u>Id.</u> at 25.

As for the Rule 12(b)(6) motion, the First Circuit held:

> **We do not agree . . . with the District Court that res judicata precludes the plaintiffs' federal civil rights claim.**  We therefore . . . **reverse its ruling dismissing the federal civil rights claim.**  Moreover, because we reverse the District Court's ruling dismissing the plaintiffs' federal civil rights claim, we also must reverse its ruling dismissing the remaining Puerto Rico law claim.

Appeal Decision, 146 F.4th at 5 (emphasis added).

As for the Puerto Rico anti-trust and fair competition laws, the First Circuit **clarified that it did also** "remand so that the District Court may consider whether those claims are

precluded by the Commerce Clause," directing that this Court

"may consider the parties' arguments as to this issue, as well

as any issues of waiver."   Id. at 23.

In sum, the First Circuit reversed this Court's allowance

of the Rule 12(b)(6) motion to dismiss:

> For the foregoing reasons, we **affirm** the District
> Court's grant of the motion to dismiss with regard to
> the federal antitrust claims.  We **vacate** the District
> Court's grant of the motion to dismiss with regard to
> the claims brought under Puerto Rico's antitrust and
> fair competition laws.  We **reverse** the District
> Court's grant of the motion to dismiss with regard to
> the claim brought under the federal civil rights
> statute.  We also **reverse** the District Court's
> dismissal of the remaining claim brought under Puerto
> Rico law.  The parties shall bear their own costs.

Id. at 26 (bold and underline in original).   The Judgment reads

as follows:

> Upon consideration whereof, it is now here
> ordered, adjudged and decreed as follows:   The
> District Court's grant of the motion to dismiss with
> regard to the federal antitrust claims is affirmed;
> the grant of the motion to dismiss with regard to the
> claims brought under Puerto Rico's antitrust and fair
> competition laws is vacated; and the grant of the
> motion to dismiss with regard to the claim brought
> under the federal civil rights statute and the
> dismissal of the remaining claim brought under Puerto
> Rico law are reversed.   The case is remanded for
> further proceedings consistent with the opinion issued
> this day.  The parties shall bear their own costs.

Judgment, ECF No. 85.

The Mandate issued on August 12, 2025.  Mandate, ECF No.

88.  The Plaintiffs petitioned the Supreme Court for certiorari

on October 3, 2025,  and the Supreme Court denied the petition

on March 2, 2026.  There is no stay of the instant proceedings by any court at this time.

On September 8, 2025, the League (later joined by Galarza) filed a "renewed" motion to dismiss on the forum selection clause ground previously raised in the motion to dismiss.  See Renewed Mot. Dismiss 1, ECF No. 90, Mot. Joinder, ECF No. 91. The Plaintiffs opposed the motion.  See Pls.' Mem. Opp'n Defs. Liga de Béisbol Profesional de Puerto Rico Juan A. Flores Galarza's Mot. Dismiss ("Pls.' Mem. Opp'n"), ECF No. 92.

On February 2, 2026, the Court held a hearing raising the issue of the mandate rule, and provided leave to the parties to file further briefing as to that issue.  See Elec. Clerk's Notes, ECF No. 109.  The parties filed their supplemental briefs on February 17, 2026.  See Mot. Compliance Ct. Order, ECF No. 112; Suppl. Mem. Further Supp. Pls.' Opp'n Defs.' Renewed Mot. Dismiss, ECF No. 114.

On March 5, 2026, the Court held further argument and took the matter under advisement.  See Elec. Clerk's Notes, ECF No. 116.

No party has sought clarification from the First Circuit. See de Jesus-Mangual v. Rodriguez, 383 F.3d 1, 5-6 (1st Cir. 2004) (observing that "had the district court notified the parties of its concern about the meaning of the mandate, the

parties could easily have sought clarification about the mandate from this court").

## III. ANALYSIS

The Renewed Motion to Dismiss must be, and is, DENIED because this Court is bound by the mandate rule. The First Circuit holds that the mandate rule "'prevents relitigation in the trial court of matters that were explicitly or implicitly decided by an earlier appellate decision in the same case.'" United States v. Cheveres-Morales, 83 F.4th 34, 40 (1st Cir. 2023) (quoting United States v. Moran, 393 F.3d 1, 7 (1st Cir. 2004)). The First Circuit could not be more clear in its command to the district courts in this circuit: "[p]ut bluntly, 'the mandate rule requires that the trial court conform with the directions of the appellate court on remand.'" Id. (quoting United States v. Dávila-Félix, 763 F.3d 105, 109 (1st Cir. 2014)). To be sure, however, "mandates require respect for what the higher court decided, not for what it did not decide." de Jesus-Mangual v. Rodriguez, 383 F.3d 1, 6 (1st Cir. 2004) (quoting Biggins v. Hazen Paper, 111 F.3d 205, 209 (1st Cir. 1997)). In "seeking to determine the scope of remand [this Court] must . . . consider carefully 'both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" Dávila-Félix, 763

F.3d at 109 (quoting United States v. Genao-Sánchez, 525 F.3d 67, 70 (1st Cir.2008)).

The mandate rule is not "designed to function as a straitjacket," United States v. Connell, 6 F.3d 27, 31 (1st Cir. 1993), and in narrowly tailored exceptional circumstances this Court has some flexibility. See United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993). The "'exceptional circumstances' that must be present to overcome the mandate rule . . . [include] a showing of a change in controlling legal authority, significant new evidence not previously obtainable, or the prospect of serious injustice." See United States v. Carta, 690 F.3d 1, 5 (1st Cir. 2012) (citing United States v. Wallace, 573 F.3d 82, 89 (1st Cir. 2009)).

Ultimately, the Court is bound by the mandate and the motion to dismiss must be denied on that basis. "Put differently, the mandate rule compels this Court to carry out the unequivocal mandate of the courts to which it owes allegiance, the United States Supreme Court and the Court of Appeals for the First Circuit." Carson v. Makin, 668 F. Supp. 3d 26, 36 (D. Me. 2023).

Turning to the pertinent facts here, this Court ruled as it ruled: the Rule 12(b)(6) motion to dismiss was addressed in total, and the Court implicitly rejected the alternative forum selection clause argument.

On appeal, the Defendants did **not** cross-appeal or argue the
alternative basis of the forum selection clause issue for relief
in the motion to dismiss before the First Circuit, though they
argued the Section 1983 claim.  Notably, though the Defendants
**could** have, they did **not** raise the alternative forum selection
ground in opposition or by cross-appeal.[4]

On this record, the First Circuit **reversed** this Court's
order on <u>de novo</u> review allowing the Rule 12(b)(6) motion; it
did not remand any matter as to the Rule 12(b)(6) motion to
dismiss.  Had it wished to do so, this Court believes that the
First Circuit would have instead **reversed** and remanded with
clear direction, as it did with respect to a portion of the

--------------------

[4] The Defendants argue, without citation to binding authority,
that they could not have cross-appealed.  Mot. Compliance Ct.
Order 3 (citing <u>Laitram Corp.</u> v. <u>NEC Corp.</u>, 115 F.3d 947, 954
(Fed. Cir. 1997)).  Perhaps, but that is largely irrelevant to
the analysis here.  "Under well-established principles, [an
appellee] is free to raise on appeal any argument made manifest
in the record as an alternative ground for affirming the
district court's judgment dismissing the claims against it."
<u>Kress Stores of Puerto Rico, Inc.</u> v. <u>Wal-Mart Puerto Rico, Inc.</u>,
121 F.4th 228, 244 (1st Cir. 2024); <u>see also</u> <u>Haley</u> v. <u>City of
Boston</u>, 657 F.3d 39, 53 (1st Cir. 2011) ("It is black-letter law
that . . . an appellee can argue in support of a lower court's
ruling in his favor on any ground made manifest in the record .
. . without a cross-appeal . . . .").  While not dispositive as
a waiver, the Defendants nevertheless referred to the forum
selection clause issue three times in their answering brief.
<u>See</u> <u>Cangrejeros de Santurce Baseball Club, LLC, et al.</u> v. <u>Liga
de Beisbol Profesional de Puerto Rico, Inc., et al.</u>, Br.
Appellees 11, 13, & 39, Doc. 00118092657.  In particular, it
referenced the forum selection clause issue as one basis of the
motion to dismiss.  <u>Id.</u> at 13.

order on which it **vacated** and remanded.    The First Circuit was
clear in its mandate and that "[t]he case is remanded for
further proceedings consistent with the opinion issued this
day." See Judgment, ECF No. 85.    The First Circuit was aware of
the alternative argument in the underlying Rule 12(b)(6) Motion,
and had the motion been allowed on that alternative ground, as
argued by the Plaintiffs, it would have deprived this Court of
jurisdiction going forward.    It seems highly unlikely that the
First Circuit would provide such detailed instruction on some
issues, only to permit this Court to dismiss the action on the
forum selection issue on remand.

There being no exceptional circumstances here, the Court is
bound by the First Circuit's mandate, and will proceed, as it
must, in accordance therewith, and this action will proceed to
discovery and, if necessary, a trial.

**IV. CONLCUSION**

This Court is bound by the command of the First Circuit's
mandate.    The arguments raised in the motion to dismiss are now
decided as law of the case under the mandate rule, and this
Court is duty-bound to follow it.    The Renewed Motion to
Dismiss, ECF No. 90, is DENIED.

**SO ORDERED.**

9

_William G. Young_
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[5]

---

[5]  This is how my predecessor, Peleg Sprague (D. Mass 1841-1865),
would sign official documents.  Now that I'm a Senior District
Judge I adopt this format in honor of all the judicial
colleagues, state and federal, with whom I have had the
privilege to serve over the past 48 years.