UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CANGREJEROS DE SANTURCE BASEBALL CLUB, LLC, SANTURCE MERCHANDISING LLC, and THOMAS J. AXON,<br><br>*Plaintiffs*,<br><br>v.<br><br>LIGA DE BÉISBOL PROFESIONAL DE PUERTO RICO, INC., CRIOLLOS MANAGEMENT, INC., RA12, INC., INDIOS DE MAYAGÜEZ BASEBALL CLUB INC., GIGANTES DE CAROLINA BASEBALL CLUB INC., PONCE SPORTS AND ENTERTAINMENT CORP., IMPULSE SPORTS ENTERTAINMENT CORPORATION, JUAN A. FLORES GALARZA, IN HIS CAPACITY AS PRESIDENT OF THE LIGA DE BÉISBOL PROFESIONAL DE PUERTO RICO, INC., IN HIS PERSONAL CAPACITY, AND AS A MEMBER OF THE CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN HIM AND HIS SPOUSE, AND THE CONJUGAL PARTNERSHIP SO CONSTITUTED,<br><br>*Defendants*. | Civil Action No. 3:22-cv-01341-WGY |

**PLAINTIFFS' MOTION PURSUANT TO LOCAL CIVIL RULE 7(b)
REQUESTING THAT PLAINTIFFS' MOTION TO COMPEL
AND FOR SANCTIONS BE CONSIDERED UNOPPOSED**

**COMES NOW**, Plaintiffs Cangrejeros de Santurce Baseball Club, LLC; Santurce Merchandising LLC; and Thomas J. Axon (together, "Plaintiffs"), who respectfully plead as follows:

1.      On February 20, 2026, Plaintiffs moved to compel Responses to Plaintiffs' First Sets of Requests for Production ("RFPs") and to further seek sanctions and such other relief as the Court deems necessary ("the Motion to Compel")—against Defendants Juan A. Flores Galarza; Criollos Management, Inc. ("Flores"); Gigantes de Carolina Baseball Club, Inc.; Impulse Sports Entertainment Corporation; Indios de Mayagüez Baseball Club, Inc.; Ponce Sports and Entertainment Corp.[1]; Liga de Béisbol Profesional de Puerto Rico, Inc. ("Liga"); and RA12, Inc. (together, "Defendants") for Defendants' unexcused failure to respond to Plaintiffs' RFPs. *See* Dkt. No. 115.

2.      Pursuant to Local Civil Rule 7(b) and Federal Rule of Civil Procedure 6(a), Defendants had until March 6, 2026—i.e., 14 days after Plaintiffs' filing—to oppose Plaintiffs' Motion to Compel.

3.      Defendants failed to respond to the Motion to Compel within the 14-day deadline. Defendants at no point requested an extension of the March 6, 2026 deadline to oppose the same.

4.      As of the date of this filing, Plaintiffs' Motion to Compel remains unopposed 18 days after expiration of Defendants' deadline.

5.      Good cause does not justify a *nunc pro tunc* extension of Defendants' time to respond to the Motion to Compel.  *Cf.* Fed. R. Civ. P. 6(b)(1)(B) (untimely motions for extensions are granted *only* "*if* the party failed to act because of *excusable* neglect") (emphases added).  To

---

[1] Plaintiffs amended their pleadings on March 20, 2026 to substitute then-named Defendant Leones de Ponce CF Inc. with Defendant Ponce Sports and Entertainment Corp.  *See* Dkt. No. 121.

the extent Defendants again claim that they have been "consumed by" other filings (*see* Dkt. No. 113 at 12), that excuse easily fails, as a party's asserted "busyness . . . hold[s] little water" as a reason for missing deadlines. *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir. 2003); *accord Burgos-Martinez v. City of Worcester*, 345 F. Supp. 3d 105, 107 (D. Mass. 2018) (denying untimely motion and finding that counsel's alleged preoccupation with other matters did not constitute excusable neglect).

6.      Instead, as explained in Plaintiffs' Motion to Compel, Defendants' present failure to comply with their obligations under the applicable rules is simply one instance in a continuing pattern of delay and abuse. *See* Dkt. No. 115 at 7.  For example, other than Defendant Liga, no Defendant has filed their Rule 7.1 disclosure statement, despite it being years overdue. *See* Dkt. No. 95 at 11 n.8.  And other than Defendant Flores, no Defendant has provided written responses or productions in response to Plaintiffs' RFPs. *See* Dkt. No. 115-1 at ¶¶ 20–22.  Notably, even Defendant Flores's responses were deficient, as they were late and incomplete. *See id.* ¶ 21.  What the record reflects is not diligence but dilettantism, which is no basis for relief from missed deadlines. *See, e.g.*, *Tubens v. Doe*, 976 F.3d 101, 106–07 (1st Cir. 2020) (considering the "totality of relevant circumstances," including party's "long history of delay[,]" and affirming lower court's finding of no excusable neglect) (citation omitted); *Sosa-Polanco v. United States*, 2018 WL 3244490, at *2 (D.P.R. July 3, 2018) (no excusable neglect where counsel's history of inaction demonstrates a "lack of diligence in handling his client's case"); *Putnam LAC Holding LLC v. Ward*, No. 3:13-cv-01452, Dkt. No. 56 (D.P.R. Oct. 11, 2013) (denying untimely motion for extension of time where party could not "propose[] any legitimate reason to warrant" untimely relief).

7.    Defendants are, as of the date of this filing, 127 days late in responding to Plaintiffs' RFPs, which were due by November 17, 2025.  *See* Dkt. No. 115 at 5.  Plaintiffs have more than sufficiently demonstrated that they have been and continue to be prejudiced by Defendants' obstructionist pattern of delay and inaction.  *See* Dkt. No. 115 at 7–8 (citing cases). Accordingly, the Court should deny any belated request for an extension of time, consider Plaintiffs' Motion unopposed, and grant Plaintiffs' Motion to Compel.  *See Rivera-Calo v. Miranda-Rodriguez*, No. 3:24-01327, Dkt. Nos. 24, 25 (D.P.R. June 27, 2025) (granting motion to deem motion to compel unopposed and consequently granting motion to compel); *see also Rivera v. Umpierre-Correa*, No. 3:25-cv-01278, Dkt. No. 40 (D.P.R. Oct. 22, 2025) (granting motion to deem motion to dismiss as unopposed given failure to file a timely response pursuant to Local Civil Rule 7(b)); *Afreedi v. Bennett*, 517 F. Supp. 2d 521, 524 (D. Mass. 2007) (where a party "neither opposed . . . nor sought an extension" of time to respond to a motion to compel, "the Court allowed the motion as unopposed").

**WHEREFORE**, for the reasons discussed herein, Plaintiffs respectfully request, pursuant to Local Civil Rule 7(b), that (1) no belated extension of time be granted Defendants; (2) no tardy filing of an opposition to the Motion to Compel be permitted; (3) the Motion to Compel be adjudicated as unopposed; and (4) the Motion to Compel be granted for the reasons set forth therein so that the requested discovery—which Plaintiffs have demonstrated to be necessary to the effective prosecution of their case (*see generally* Dkt. No. 115)—be provided as soon as possible.

Dated: March 24, 2026                             Respectfully submitted,

                                                  By: */s/ Jeffrey L. Kessler*

                                                  Jeffrey L. Kessler (*pro hac vice*)

3

Jeffrey J. Amato (*pro hac vice*)
Lauren E. Duxstad (*pro hac vice*)
Gabriela B. Wolk (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Tel.: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com
jamato@winston.com
lduxstad@winston.com
gwolk@winston.com

/s/ *Carlos A. Rodríguez-Vidal*
Carlos A. Rodríguez-Vidal
USDC-PR No. 201213
**GOLDMAN ANTONETTI & CORDOVA, LLC**
P.O. Box 70364
San Juan, Puerto Rico 00936
Tel.: (787) 759-4117
Fax: (787) 767-9333
crodriguez-vidal@gaclaw.com

*Counsel for Plaintiffs Cangrejeros de Santurce Baseball Club, LLC, Santurce Merchandising LLC, and Thomas J. Axon*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2026, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants in this case.

Dated: March 24, 2026

By: */s/ Jeffrey L. Kessler*